**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE COLONIAL HOUSE**
**ASSOCIATION INC.,**

     **Plaintiff,**

v.                                                **Case No: 6:22-cv-2190-PGB-RMN**

**MT. HAWLEY INSURANCE**
**COMPANY and RENAISSANCE**
**RE 1458 LLOYD'S LONDON,**

     **Defendants.**
_____/

## <u>ORDER</u>

This cause comes before the Court on Defendants Mt. Hawley Insurance Company and Renaissance re 1458 Lloyd's London's (collectively, "**Defendants**") Amended Motion for Summary Judgment (Doc. 34 (the "**Motion**")). Plaintiff The Colonial House Association, Inc. ("**Plaintiff**") responded in opposition (Doc. 35) and Defendants filed a reply (Doc. 38). The parties also filed a joint Stipulation of Agreed Material Facts. (Doc. 33). Upon consideration, the Motion is due to be granted.

**I.   BACKGROUND**

Plaintiff brings this action against Defendants for breach of contract. (Doc. 1-6). Defendants removed this case from state court, asserting the Court has diversity jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332. (Doc. 1).

Plaintiff is a Florida not-for-profit corporation that owns and operates a residential condominium building located in Cape Canaveral, Florida. (Doc. 1-6, ¶¶ 4–7). On January 30, 2020, Defendants' Georgia underwriter issued a binder of coverage to Plaintiff's condominium, effective from February 8, 2020 to February 8, 2021. (Doc. 34-3; Doc. 34-1, ¶ 3). Under this policy, Plaintiff's deductible was $5,000 for each occurrence resulting in a covered loss. (Doc. 33-2, p. 9). In March 2020, Plaintiff reported a claim for water leaks resulting from corrosion in the cast iron plumbing system on the property. (Doc. 33, ¶¶ 4–5; Doc. 35-2, ¶¶ 3–4). Plaintiff requested Defendants to provide insurance proceeds to tear out and replace parts of the building to access the drain plumbing system and to repair water damage in the building. (Doc. 33, ¶ 6).

In the months that ensued after Plaintiff reported the claim, Defendants' representatives inspected ten of the building's fifty-four units. (Doc. 34-5). Defendants' engineers observed cracks in the cast iron drain line and water damage throughout the property during these inspections. (Doc. 33, ¶¶ 9–11; Doc. 35-8, 69:4–70:24, 71:4–72:5, 72:18–73:19, 74:22–75:8). Moreover, Defendants' damages engineer stated that he observed high moisture readings indicating that water leaks were actively occurring in the building. (Doc. 35-7, 37:21–38:8, 38:24–39:6).

Nevertheless, Defendants denied the claim on April 9, 2021. (Doc. 33-3 (the "**denial letter**")). In the denial letter, Defendants relied on invoices from Roman Plumbing of Central Florida to claim that the condominium had long-term

2

plumbing-related issues dating at least to the summer of 2018. (*See id.* at p. 5; Doc. 34-9, p. 175). Aside from the Roman Plumbing invoices, no evidence was presented regarding the condominium's plumbing history. (*See* Doc. 34-9, 81:22–84:3, 84:11–85:24, 86:9–25, 95:21–96:13). Thus, Defendants' position was that Plaintiff failed to provide prompt notice. (Doc. 33-3, pp. 5, 9–10). The denial letter also stated that Defendants' representatives did not find any openings in the plumbing system and, therefore, Defendants did not find that a covered loss occurred under the policy. (*Id.* at p. 4).

Plaintiff filed this lawsuit on October 17, 2022. (Doc. 1-6). In the Complaint, Plaintiff alleges that Defendants breached the policy because Defendants failed to pay for the cost to access the drain line and repair the water damage in the building. (*See generally id.*). Defendants move for summary judgment, arguing that: (1) Plaintiff failed to timely file suit; (2) Plaintiff failed to give timely notice of the claim; and (3) no covered loss occurred.

## II.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. FED. R. CIV. P. 56(c)(1)(A). In

ruling on a motion for summary judgment, "[t]he court need consider only the cited materials." FED. R. CIV. P. 56(c)(3).

A genuine dispute of material fact is one from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence in support of the non-movant is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249–50 (11th Cir. 2004) (citing *Anderson*, 477 U.S. at 247). To defeat a motion for summary judgment, the non-moving party must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

## III. DISCUSSION

### A. Choice of Law

The Court must first determine the applicable law in this case. Defendants argue that Georgia law applies, whereas Plaintiff argues for the application of Florida law. A federal court sitting in diversity must apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Travelers Prop. Cas. Co. of Am. v. Kan. City Landsmen, LLC*, 592 F. App'x

876, 881 (11th Cir. 2015). [1] Under Florida's choice-of-law rules, Georgia law applies to the construction of the insurance policy in this case.

"In Florida, the rights and obligations of the parties under an insurance policy are governed by contract law, because they arise out of an insurance contract." *Lumbermens Mut. Cas. Co. v. August*, 530 So. 2d 293, 295 (Fla. 1988). "With regard to insurance contracts, Florida follows the '*lex loci contractus*' choice-of-law rule, which 'provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage.'" *Rando v. Gov't Emps. Ins.*, 556 F.3d 1173, 1176 (11th Cir. 2009) (quoting *State Farm Mut. Auto. Ins. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006)). Nevertheless, Plaintiff argues that *lex loci contractus* is inapplicable to this case because it involves an insurance policy for real property and that the Court should apply the "significant relationship" test instead.

In *Roach*, the "Florida Supreme Court unequivocally adopted the *lex loci contractus* rule for insurance contract disputes, but it did not address whether the rule specifically applies to insurance contracts involving real property." *Zurich Am. Ins. Co. v. Tavistock Rests. Grp., LLC*, No. 6:20-cv-1295, 2021 WL 1536648, at *5 (M.D. Fla. Mar. 4, 2021) (first citing *Roach*, 945 So. 2d at 1163; then citing *Rando*, 556 F.3d at 1176). "Although this question remains unsettled by the Florida

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

5

Supreme Court, most district courts apply *lex loci contractus* to real property insurance contracts given *Roach*'s clear, albeit general, affirmation of the rule." *Id.* (first citing *Pierce v. Prop. & Cas. Ins. Co. of Hartford*, 303 F. Supp. 3d 1302, 1304–05 (M.D. Fla. 2017); then citing *Liberty Mut. Ins. v. Festival Fun Parks, LLC*, No. 12-62212-CIV, 2013 WL 4496511, at *2–5 (S.D. Fla. Aug. 22, 2013)). Thus, based on *Roach*'s clear affirmation of the rule of *lex loci contractus* and this Court's precedent, the Court finds that the rule of *lex loci contractus* applies to this case. *See, e.g.*, *Pierce*, 303 F. Supp. 3d at 1302; *Zurich Am. Ins. Co.*, 2021 WL 1536648, at *5; *Riverside Apartments of Cocoa, LLC v. Landmark Am. Ins. Co.*, 505 F. Supp. 3d 1293 (M.D. Fla. 2020).

Plaintiff argues that *lex loci contractus* requires the application of Florida law because the "law of the place of performance" must control. (Doc. 35, p. 14). However, the Eleventh Circuit held that in the context of Florida's *lex loci contractus* rule, "[t]he last act necessary to complete a contract is the offeree's communication of acceptance to the offeror." *Riverside Apartments of Cocoa, LLC*, 505 F. Supp. 3d at 1304 (quoting *Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc.*, 363 F.3d 1089, 1092–93 (11th Cir. 2004)). "In the context of insurance contracts, courts have concluded this act is an insurer's (or its agent's) communication of acceptance of the insured's (or its agent's) offer to purchase insurance, by issuing a temporary 'binder.'" *Id.* (quoting *Wausau Underwriters Ins. v. Danfoss, LLC*, No. 2:14-CV-14420, 2015 WL 6456569, at *8 (S.D. Fla. Oct. 26, 2015)). "Thus, a *lex loci contractus* inquiry seeks to identify the place where a

6

binder (i.e., acceptance) was 'dispatched.'" *Id.* (quoting *Sun Cap. Partners, Inc. v. Twin City Fire Ins.*, No. 12-CV-81397, 2015 WL 4648617, at *4 (S.D. Fla. Aug. 5, 2015)).

Here, the "last act" occurred when Defendants' underwriter issued the binder to insure Plaintiff's condominium on January 30, 2020. (Doc. 34-3). The binder, issued from Georgia, confirmed the effective date and scope of coverage. (*Id.*). Because Defendants' underwriter was located in Georgia at the time the binder was issued, the rule of *lex loci contractus* requires the application of Georgia law to this matter. *See Granite State Ins. Co. v. Am. Bldg. Materials, Inc.*, No. 8:10-cv-1542-T, 2011 WL 6025655, at *5 (M.D. Fla. Dec. 5, 2011).

### B. Timeliness of Suit

Defendants move for summary judgment on the grounds that Plaintiff's claims are time-barred under the policy. The policy states that no legal action may be brought against Defendants unless "[t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (Doc. 33-2, p. 46). "[N]umerous Georgia decisions have held that a provision in an insurance policy limiting the time in which suit may be brought to twelve months after the inception of the loss is valid and will bar an action brought after expiration of that time." *Nicholson v. Nationwide Mut. Fire Ins. Co.*, 517 F. Supp. 1046, 1048 (N.D. Ga. 1981) (citing *Melson v. Phoenix Ins. Co.*, 25 S.E. 189 (1896)); *White v. State Farm Fire & Cas. Co.*, No. 1:09-CV-1852, 2010 WL 11512283, at *3 n.3 (N.D. Ga. Aug. 16, 2010) (collecting cases). "Absent special circumstances such as waiver, estoppel or

7

impossibility, compliance with a suit limitation is generally a condition precedent to an insured's recovery." *Encompass Ins. Co. of Am. v. Friedman*, 682 S.E.2d 694, 696 (Ga. Ct. App. 2009) (first citing *Stapleton v. Gen. Accident Ins. Co.*, 512 S.E.2d 645 (Ga. Ct. App. 1999); then citing *Livaditis v. Am. Cas. Co. of Reading, Pa.*, 160 S.E.2d 449 (Ga. Ct. App. 1968)).

Defendants argue that, because Plaintiff filed this lawsuit on October 17, 2022, Plaintiff may not recover for any damage that may have occurred prior to October 17, 2020. (*See* Doc. 1-6). This would preclude recovery for any damage that was the subject of the claim made on March 19, 2020. (*See* Doc. 34-1, ¶ 5). Defendants further note that, aside from a Roman Plumbing invoice indicating that unit 110 received repairs for water damage on January 31, 2021, there is no evidence the condominium sustained damage between October 17, 2020, and the time the policy expired on February 8, 2021. (Doc. 34-9, p. 203). Thus, Defendants argue that the only damage to the condominium that may not be barred by the suit limitation provision is the damage to unit 110 that Roman Plumbing repaired on January 31, 2021, which was below Plaintiff's $5,000 deductible. *(See id.*; Doc. 33-2, p. 9).

The burden thus shifts to Plaintiff to "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists" as to the timeliness of the suit. *See Porter*, 461 F.3d at 1320. However, in its response, Plaintiff does not directly engage with Defendants' argument and Plaintiff "presents no evidence that would otherwise excuse [its] strict compliance with the

8

contractual time limitation." *Encompass Ins. Co. of Am.,* 682 S.E.2d at 697. Accordingly, Plaintiff has failed to demonstrate the existence of a material fact on this issue, and Defendants are entitled to summary judgment as a matter of law. *See Leftwich v. State Farm Ins. Co.,* No. 22-10213, 2023 WL 5607885, at *2 (11th Cir. Aug. 30, 2023).

Having found that summary judgment should be granted for the reasons set forth herein, the Court will not address Defendants' remaining arguments against Plaintiff's claims at this juncture.

## IV.   CONCLUSION

For these reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment (Doc. 34) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on February 4, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties